**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHER DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| LIVING WATERS MEDICAL CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, UNITEDHEALTHCARESERVICES, INC., OPTUM INSIGHT, INC., CHANGE HEALTHCARE INC., CHANGE HEALTHCARE OPERATIONS, LLC, CHANGE HEALTHCARE SOLUTIONS, LLC , CHANGE HEALTHCARE HOLDINGS, INC., CHANGE HEALTHCARE TECHNOLOGIES, LLC, CHANGE HEALTHCARE PHARMACY SOLUTIONS, INC., OPTUM, INC., OPTUM FINANCIAL, INC., OPTUM BANK, and OPTUM PAY,<br><br>*Defendants*. | REMOVED FROM THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA<br>CC-23-2026-C-25<br><br>Civil Action No. 2:26-cv-00241 |

**<u>NOTICE OF REMOVAL</u>**

Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay ("Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the Circuit Court of Logan County, West Virginia, to the United States District Court for the Southern District of West Virginia. As its reasons for removal, Defendants state:

## BACKGROUND

1. By Summons and Complaint, Plaintiff Living Waters Medical Center ("Plaintiff") commenced a civil action against Defendants in the Circuit Court of Logan County, West Virginia, titled *Living Waters Medical Center v. UnitedHealth Group, Inc., et al.*, filed on February 12, 2026 (the "State Court Action"). A true and accurate copy of the Summons and Complaint that Plaintiff caused to be served upon Defendants is attached as **Exhibit A** and constitutes all processes, pleadings, and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).[1]

2. Defendants accepted service of the Summons and Complaint in the State Court Action on April 1, 2026 . The instant Notice of Removal is being filed within thirty (30) days of the service date. 28 U.S.C. § 1446(b).

3. Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the State Court. 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

4. This Court has diversity jurisdiction over the Complaint, pursuant to 28 U.S.C. § 1332, under both "traditional" diversity (28 U.S.C. § 1332(a)) and diversity under the Class Action Fairness Act (28 U.S.C. § 1332(d)).

---

[1] The Complaint relates to a cyberattack suffered by Defendants on or about February 21, 2024. Over 150 cases have been brought against Defendants and Defendants' parent companies in connection with the same cyberattack. On June 7, 2024, the Judicial Panel for Multistate Litigation (JPML) instituted a Multi-District Litigation in the District of Minnesota to centralize cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.). Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Potential Tagalong with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.

**28 U.S.C. § 1332**

5. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

6. Plaintiff Living Waters Medical Center alleges it is a family medicine and weight loss management services provider located in Logan, West Virginia. Compl. ¶ 266. Plaintiff alleges it resides and does business in West Virginia. Compl. ¶ 15. Additionally, Counsel for Plaintiff has stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, Plaintiff Living Waters Medical Center is a citizen of West Virginia. Accordingly, Plaintiff Living Waters Medical Center is a citizen of West Virginia for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a).

7. Defendant UnitedHealth Group Incorporated is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant UnitedHealth Group Incorporated is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

8. Defendant United HealthCare Services, Inc. is a corporation formed under the laws of Minnesota and its principal place of business is in Minnesota. Accordingly, Defendant United HealthCare Services, Inc. is a citizen of Minnesota for purposes of diversity jurisdiction.

9. Defendant Change Healthcare Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

10. Defendant Change Healthcare Holdings, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change

Healthcare Holdings, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

11. Defendant Change Healthcare Pharmacy Solutions, Inc. is a corporation formed under the laws of Maine and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Pharmacy Solutions, Inc. is a citizen of Maine and Minnesota for purposes of diversity jurisdiction.

12. Defendant Optum, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

13. Defendant OptumInsight, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant OptumInsight, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

14. Defendant Optum Financial, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum Financial, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

15. Defendant Optum Bank, Inc. is a corporation formed under the laws of Utah and its principal place of business is in Utah. Accordingly, Defendant Optum Bank, Inc. is a citizen of Utah for purposes of diversity jurisdiction.

16. Defendant Change Healthcare Operations, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by its members. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of

business is in Minnesota. Accordingly, Defendant Change Healthcare Operations, LLC is a citizen of Delaware and Minnesota for diversity purposes.

17. Defendant Change Healthcare Solutions, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Solutions, LLC is Change Healthcare Operations, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Solutions, LLC is a citizen of Delaware and Minnesota for diversity purposes.

18. Defendant Change Healthcare Technologies, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Technologies, LLC is Change Healthcare Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Intermediate Holdings, LLC is Change Healthcare LLC, a Delaware limited-liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Technologies, LLC is a citizen of Delaware and Minnesota for diversity purposes.

19. Defendant Optum Pay is not a legal entity, and its citizenship has no impact on diversity jurisdiction. Plaintiff admits Optum Pay is not a legal entity. *See* Compl. ¶ 29; *see also* Mem. Op. and Order, *In Re: Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 0:24-md-03108 (D. Minn.), Dkt. 483 at 14 n.9 (“Optum Pay is not a legal entity and therefore cannot be sued”).

20. Because Plaintiff is a citizen of West Virginia and Defendants are citizens of Delaware, Maine, Minnesota, and Utah, complete diversity exists between Plaintiff and Defendants.

21. Although the Complaint does not specify the precise amount of damages sought, the preponderance of the evidence shows that the amount in controversy exceeds $75,000. Plaintiff allegedly was unable to submit claims, receive ERAs, and receive payment for its medical care to patients, which disrupted its business. Compl. ¶ 268. Plaintiff alleges it suffered monetary losses via rejected and/or delayed payments for medical care and spent significant time and resources including investigating the network outage and alternative methods to receive payment for medical care. Compl. ¶ 269. Plaintiff allegedly was forced to participate in the Defendants' Temporary Funding Assistance Program and received an advance of approximately $80,000. Compl. ¶ 270.

22. The Complaint further alleges that Plaintiff incurred more than $800,000 in debt and expenses and "was forced to lay off more than half of its employees" because of the network outage. Compl. ¶ 270–71. Therefore, Defendants assert in good faith that the amount in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1446(c)(2).

**28 U.S.C. § 1332(d)**

23. This Court also has jurisdiction over the Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint is a class action, at least one member of the class (Plaintiff) is a citizen of a state different from Defendants, Defendants are not a State, State official, or other governmental entity, the number of members of the proposed plaintiff class is not less than 100, and the amount in controversy exceeds the sum or value of $5,000,000.

24. Plaintiff alleges it is a citizen of West Virginia, while Defendants are citizens of Delaware, Minnesota, Utah, and Maine. Thus, at least minimum diversity exists.

25. The Complaint alleges that Defendants' Change Platform "is connected to more than 800,000 providers" and "involved in one in every three patient records." Compl ¶¶ 1, 276. Since Plaintiffs seek to represent a nationwide class of providers, Compl. ¶ 273, the number of members of the proposed class is greater than 100.

26. Furthermore, the amount in controversy is more than $5,000,000. The Complaint alleges that "providers did not timely receive billions of dollars in earned reimbursements." Compl. ¶ 5. Since Plaintiff seeks to represent a nationwide class of providers, the amount in controversy exceeds $5,000,000.

27. Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a) and (d). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

**REMOVAL TO THIS DISTRICT IS PROPER**

28. This Notice of Removal is being filed in the Southern District of West Virginia, the District Court of the United States for the district and division within which the State Court Action is pending. 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a) and 1446(a).

29. WHEREFORE, Defendants respectfully request that the State Court Action be removed and proceed in the United States District Court for the Southern District of West Virginia.

Dated: April 2, 2026

Respectfully submitted,

*/s/ Steven R. Ruby*

Steven R. Ruby (W. Va. Bar No. 10752)
David R. Pogue (W. Va. Bar. No. 10806)
Carey Douglas Kessler & Ruby PLLC
707 Virginia St. E., Ste. 901
Charleston, WV 25301
Tel: 304-345-1234
Fax: 304-342-1105
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

*Counsel for Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be filed in the Circuit Court of Logan County, West Virginia using that court's electronic filing system, which will send notice and a copy to counsel of record for Plaintiff:

Rodney A. Smith (WVSB # 9750)
ROD SMITH LAW, PLLC
108 ½ Capitol St., Suite 300
Charleston, WV 25301
Telephone: (304) 342-0550
rod@lawwv.com

Melissa Gardner (pro hac vice forthcoming)
LIEFF CABRASER HEIMANN & BERNSTEIN
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
mgardner@lchb.com

Dated: April 2, 2026

*/s/ Steven R. Ruby*
Steven R. Ruby (W. Va. Bar No. 10752)